UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Marty R. Aho

   v.                                          Civil No. 15-cv-141-LM

Wells Fargo Bank, N.A.

### REPORT AND RECOMMENDATION

Marty Aho brought a complaint against Wells Fargo Bank, N.A. ("Wells Fargo") in New Hampshire Superior Court, Cheshire County ("CCSC"), seeking to enjoin a foreclosure sale. Wells Fargo removed the case to this court.

Before the undersigned magistrate judge for a Report and Recommendation is Wells Fargo's motion to dismiss (doc. no. 3). For the reasons that follow, the court recommends that the district judge grant Wells Fargo's motion without prejudice.

### Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be

granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citation omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Analyzing plausibility is "a context-specific task" in which the court relies on its "judicial experience and common sense."  Id. at 679.

Because Aho is proceeding pro se, the court construes his pleadings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102–03 (1st Cir. 2013) (citing Iqbal, 556 U.S. at 678).

## Background[1]

On January 20, 2010, Aho and his then-wife, Tamara,[2]

---

[1] The background is taken from Aho's complaint, Wells Fargo's motion to dismiss, and information provided at the preliminary pretrial conference.

[2] Aho and Tamara were still married at the time he instituted

2

entered into a loan with Wells Fargo for $199,000, which was secured by a mortgage on the Ahos' home (the "property"). At some point, the Ahos began having trouble making their monthly mortgage payment.

On July 29, 2014, the Ahos listed the property for sale. No offers to purchase were made. In December of 2014, the Ahos' listing agreement with their realtor expired. Tamara did not sign the renewal of the agreement and, despite his desire to do so, Aho was unable to keep the property on the market.

On December 5, 2014, Aho sent in an application to modify the loan on his mortgage. Tamara refused to sign the application. Wells Fargo informed Aho that because Tamara is a party to the loan agreement, it would be unable to process a loan modification application without her signature.

At some point, the Ahos defaulted on their loan. With the loan in default, Wells Fargo sought to foreclose on the property. A foreclosure auction was scheduled for February 16, 2015. Aho initiated the instant action on February 4, 2015, and, on February 6, 2015, the CCSC entered an ex parte temporary

---

this action. At the preliminary pretrial conference, Aho represented that he and Tamara have since finalized their divorce.

3

restraining order enjoining the foreclosure auction.

Wells Fargo moves to dismiss the complaint. Aho did not file an objection. At the July 1, 2015, preliminary pretrial conference, which was held on the record, the parties discussed the possibility of Aho filing a notice of voluntary dismissal without prejudice. The parties agreed that any such notice would be filed on or before July 15, 2015. The court stated in its order setting forth the discovery plan that it would "hold in abeyance the defendant's motion to dismiss until that date."[3] Or. (doc. no. 7) at 1.

Aho did not file a notice of voluntary dismissal by the July 15 deadline. Therefore, the court addresses Wells Fargo's motion to dismiss in this Report and Recommendation.

## Discussion

Wells Fargo argues that Aho's complaint "does not . . .

---

[3] During the preliminary pretrial conference, the court explained that Aho had failed to file an objection to Wells Fargo's motion to dismiss. With Wells Fargo's assent, the court permitted Aho to orally explain his theory of the case and the purpose behind filing his complaint, which the court stated it would take into account when considering Wells Fargo's motion to dismiss. Aho did not contend that the allegations in his complaint entitled him to relief.

4

assert any wrong doing against Wells Fargo," and, therefore, "fails to put Wells Fargo on notice of any claims alleged" in the complaint.  Def.'s Mem. (doc. no. 3-1 at 3, 4).

Aho's complaint alleges that he and Tamara were in default on their mortgage loan.  He further alleges that Tamara refused to sign the loan modification application and, therefore, Wells Fargo could not consider the application.  In view of the Ahos' default, Wells Fargo initiated foreclosure proceedings.

Liberally construing the complaint, it simply does not allege any unlawful conduct by Wells Fargo, or identify any legal authority that entitles Aho to relief.  Therefore, Wells Fargo is entitled to dismissal of Aho's complaint.  See, e.g., L'Esperance v. HSBC Consumer Lending, Inc., No. 11-cv-555-LM, 2012 WL 345892, at *5 (D.N.H. Feb. 1, 2012) ("To state a legal claim, however, [the plaintiff] must not only identify the conduct of one or more specific defendants; she must also identify the statute, regulation, or other legally enforceable rule that has been violated by the conduct alleged.").

## Conclusion

For the foregoing reasons, the court recommends that the

5

district judge grant the defendant's motion to dismiss (doc. no. 3) without prejudice.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                _____
                                                Andrea K. Johnstone
                                                United States Magistrate Judge

July 27, 2015

cc:   Marty R. Aho, pro se
       Michael R. Stanley, Esq.